UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| KEVIN STEWART, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> OCEAN STATE JOBBERS, INC., D/B/A OCEAN STATE JOB LOT, <br><br> Defendant. | Civil Action No. 3:17-cv-1266 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Kevin Stewart ("Stewart"), brings this action on his own behalf, and on behalf of a class of similarly situated consumers, based upon his own personal knowledge as to himself and his own acts, and upon information and belief and the investigation of his counsel as to all other matters, and alleges as follows:

## NATURE OF THE ACTION

1. Everybody loves a bargain. That's the hook behind the marketing success of a growing retailer, Ocean State Jobbers, Inc. ("Ocean State"), which operates a chain of 127 retail stores in the Northeast under the trade name "Ocean State Job Lot." Ocean State offers brand name merchandise at discounted prices. Ocean State touts itself as the Northeast's "Home of Adventure Shopping," proclaiming on its website that "Millions of Job Lot customers enjoy hunting for quality brand name merchandise at closeout prices."

2. One of the product lines that Ocean State frequently sells is the well-known Duracell brand of batteries. Ocean State sells a variety of sizes of Duracell alkaline batteries, including AA, AAA, and C size alkaline batteries in original Duracell

clear plastic bubble packaging (blister packs). The packaging allows customers to see that what they are buying appears to be authentic, standard, copper-topped Duracell batteries normally available to consumers in the United States.

3. The Duracell product packaging includes advertising claims such as "UP TO 6X LONGER LASTING POWER" and "LASTS LONGER…MUCH LONGER."

4. What Ocean State is really selling, however, are "gray market" Duracell batteries. While these batteries appear to be authentic Duracell batteries, they are not intended for sale to consumers in the United States, but rather to consumers in Asia. Such products have different specifications from products authorized for sale in the United States, and they may perform differently. The Asian consumer small battery market is much different than the U.S. consumer small battery market. In many Asian countries, a substantial percentage of that market consists of zinc carbon batteries. In stark contrast, the U.S. consumer small battery market is comprised primarily of alkaline battery products as well as other high tech, high quality batteries such as lithium batteries.

5. The advertising claims set forth on the Duracell blister pack batteries sold by Ocean State – "LASTS LONGER…MUCH LONGER" and "UP TO 6X LONGER LASTING POWER" are claims meant only for the Asian market where ordinary zinc carbon batteries have a substantial share of the market. These claims were not intended to apply vis-à-vis competitors' alkaline batteries designed for the U.S. market. Consequently, these advertising claims are materially false and misleading to consumers in the Northeastern United States where Ocean State sells these gray market products. U.S. consumers rely on these representations that the Duracell

2

batteries last much longer (up to 6 times longer) than competitive alkaline battery products when they don't.

6.      Duracell, understandably, is quite upset with this improper marketing of its Duracell branded products. Duracell has spent years and significant capital nurturing its Duracell brand in the United States, and U.S. consumers have come to expect a very high level of quality, packaging, and customer service for the Duracell alkaline battery products sold in the United States.  When such consumers encounter Duracell's gray market products, which were produced to different quality and performance specifications and were never intended to be sold in the United States, they are likely to be confused and disappointed.

7.      Consequently, when Duracell discovered in March 2017 that Ocean State was engaging in this deceptive behavior, Duracell unsuccessfully sought to have Ocean State voluntarily cease and desist from this offending conduct.  When those efforts failed, Duracell brought an action in this Court, captioned *Duracell U.S. Operations, Inc. v. Ocean State Jobbers, Inc. d/b/a Ocean State Job Lot*, No.: 3:17-cv-1199 (filed on July 19, 2017).

8.      Duracell's lawsuit seeks to protect its important financial interests, reputation, and customer goodwill from Ocean State's deceptive conduct.  Indeed, Duracell's upset and concern for its customers is aptly summarized in the following excerpt from its Complaint:

> Purchasers and consumers in the United States have come to expect, *inter alia*, a certain quality, packaging, and customer service for the Duracell® Products as a result of Duracell's extensive branding, marketing, sales, quality control, and customer service efforts in the United States.

3

> When such purchasers and consumers encounter the [grey market goods] which bear certain Duracell trademarks, but which are otherwise materially different from what U.S. purchasers and consumers expect, they are likely to be confused and indeed disappointed.

(3:17-cv-1199, Dkt. No. 1).  Indeed, Duracell recognizes that Defendant's unauthorized grey market distribution and/or sale is being conducted "to the detriment of purchasers and consumers in the United States." *Id*.  But Duracell's lawsuit cannot protect consumers directly.  The instant lawsuit, however, can and does, as Plaintiff seeks to recover for himself and the other members of the Class he represents, monetary damages and injunctive relief arising from Ocean State's deceptive conduct.

9. As a result of Defendant's deceptive representations and material omissions, consumers -- including Plaintiff and members of the proposed class -- have purchased the gray market Duracell products, which they otherwise would not have purchased, and in any event, are more expensive than they otherwise would be if consumers were truthfully informed that they were buying gray market products.

10. Plaintiff brings this class action on behalf of himself and all other similarly situated consumers who purchased Duracell alkaline battery products in the states where Defendant operates its retail stores – to wit, New York, Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey to recover monetary damages they suffered as a result of this false and misleading advertising and to enjoin Defendant's continued misleading practices.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d).  The matter in controversy, exclusive

4

of interest and costs, exceeds the sum of $5,000,000.00, is a class action in which there are in excess of 100 class members, and many members of the class are citizens of a state different from Defendant.  28 U.S.C. §1332(d)(2)(A).

12. Venue is proper in this District because Defendant Ocean State does business in this District, many of the acts giving rise to this action occurred in this District, and a related action, *Duracell U.S. Operations, Inc. v. Ocean State Jobbers, Inc. d/b/a Ocean State Job Lot*, No.: 3:17-cv-1199 (filed on July 19, 2017), is already pending in this District.

## CHOICE OF LAW

13. New York consumer protection law governs the state law claims asserted herein by Plaintiff and the New York class he seeks to represent and the similar consumer protection statutes of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey govern the state law claims of class members who reside in each of those respective states.

## PARTIES

14. Plaintiff Kevin Stewart is a natural person of full age of majority who is domiciled and resides in the State of New York.  Within the past six months, Plaintiff purchased a two-pack of Duracell C alkaline batteries, a four-pack of Duracell AA alkaline batteries, and a four-pack of Duracell AAA alkaline batteries, each of which package contains an image of a pink bunny at the top right of the printed packaging, from the Ocean State retail store located at 1551 Route 52, Fishkill, New York.

15. Over the years, Plaintiff has been exposed to and has seen advertisements and packaging for Duracell brand alkaline batteries, and he considers

5

Duracell brand alkaline batteries to be a top notch, top quality consumer product with a deserved reputation for high performance, long shelf life, and high quality.  Plaintiff has since learned that the Duracell alkaline batteries that he purchased at Ocean State are a gray market version manufactured to non-U.S. specifications which were intended for sale in Asian markets where they compete against lesser quality, lower performance, and shorter-lived zinc carbon batteries.  Plaintiff has also learned that the performance representations contained on the packaging of the gray market Duracell batteries he purchased at Ocean State don't apply to the alkaline batteries generally sold in the U.S. consumer markets, but rather, apply only as against ordinary zinc carbon batteries sold in overseas markets such as in Asia.  Had Plaintiff known the truth about Defendant's misrepresentations and omissions about the performance specifications and gray market nature of the Duracell alkaline batteries it was selling, Plaintiff would not have purchased the gray market Duracell products that he did, and in any event, he would not have paid the premium price he paid.  As a result, Plaintiff Stewart has suffered injury in fact and lost money.

16.     Defendant Ocean State is a Rhode Island corporation, with its headquarters located at 375 Commerce Park Road, North Kingston, Rhode Island 02852.  Founded 40 years ago with a single store in North Kingston, Rhode Island, Ocean State today operates 127 locations throughout the Northeast, with retail stores located in Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, New York, and New Jersey.  Ocean State generates over $600 million in annual revenues.  It markets itself as the "North East's 'Home of Adventure Shopping,'" purportedly serving millions of customers who enjoy hunting for quality brand name

6

merchandise at closeout prices.  Ocean State purports to sell an ever-changing array of household goods, apparel, pet supplies, kitchen pantry staples, and seasonal products (such as holiday, gardening, and pool supply) at a fraction of their typical price.

## FACTUAL ALLEGATIONS

17.     Defendant markets itself as selling "Brand Name First Quality Merchandise," asserting: "We know our customers want the best quality merchandise. We distinguish ourselves by carrying brand name merchandise at extraordinary prices. At Job Lot our customers do not choose between quality and great prices they get both."  *See* www.oceanstatejoblot.com/realestate/pdf/about.pdf.

18.     One of the product lines Defendant frequently offers its customers is Duracell alkaline batteries.  Duracell is one of the world's largest producers of batteries for consumer electronics products.  For more than fifty years, Duracell has been selling its batteries with its famous DURACELL name and a copper and black color scheme with its iconic "copper topped" design. Through its substantial advertising and promotional efforts, Duracell alkaline battery products have a reputation among consumers as being high quality, high performance alkaline battery products.

19.     In many countries outside the United States, Duracell sells its alkaline batteries designed to different specifications than the Duracell alkaline batteries intended for sale in the United States.  The Duracell alkaline batteries intended for sale outside the United States are packaged in blister packs showing the image of a pink bunny on the front of the packaging (and sometimes on the back of the packaging as well).

7

20.     Duracell, which first came up with the idea of a pink bunny mascot for its batteries, failed to renew its trademark for this mascot in the United States, and its chief competitor, Energizer, immediately introduced a pink bunny mascot for its battery products.  In 1992, the two companies settled the issue of which company may use the pink bunny in which geographic territory.  Duracell now has an agreement with Energizer not to use or market its pink bunny on Duracell products sold in the United States.  While few consumers would know of this restriction, it makes it easy to determine if a Duracell blister pack contains gray market alkaline batteries or alkaline batteries intended for sale in the United States.

21.     Defendant sells the gray market blister packs of Duracell alkaline batteries packaged with the pink bunny image in its stores.

22.     These gray market blister packs of Duracell alkaline batteries are not authorized for sale in the United States.  The batteries are manufactured to specifications for non-U.S. markets.  The packaging contains representations that are deceptive or misleading with respect to competitive products in the United States.  Moreover, the product packaging omits vital information for Duracell's customers, including Duracell's impressive U.S. product guarantee and Duracell's United States customer service number.  Instead, the gray market Duracell alkaline battery packs sold by Ocean State contain information in foreign languages and direct consumers to foreign call center telephone numbers that are not intended for, and likely not accessible to, U.S. consumers.

23.     The gray market Duracell alkaline batteries sold by Ocean State differ materially from the Duracell alkaline batteries manufactured and marketed for sale in

the United States.  Moreover, the packaging for the gray market Duracell alkaline batteries sold by Ocean State makes advertising claims "LAST LONGER…MUCH LONGER" and "UP TO 6X LONGER LASTING POWER" that are only accurate in countries in which the small battery consumer market consists of a substantial percentage of zinc carbon batteries which have lower performance, much shorter shelf life, and a propensity to leak.  The small battery consumer market in the United States, in contrast, is comprised much more significantly of alkaline batteries and other high tech and high quality batteries such as lithium batteries.

24.	Thus, by marketing in the United States gray market Duracell alkaline batteries intended by the manufacturer for sale only in foreign markets, with foreign market specifications and foreign market advertising claims, without disclosing these material facts, Ocean State plainly conveys the false and misleading impression that it is selling high quality Duracell alkaline batteries manufactured for the U.S. market but at the bargain prices for which Ocean State is known.

25.	Plaintiff purchased the products for his own personal use.  Plaintiff purchased the products because he believed, based upon the claims made on the products' packaging that he was buying high quality Duracell alkaline batteries manufactured for the U.S. market, and despite thinking he was getting a bargain, he paid a premium price for those products.

26.	Plaintiff and the class would not have purchased the gray market Duracell alkaline batteries sold at Ocean State, or paid the premium price they paid, had they known that Defendant was selling gray market goods not intended for sale in the United States with representations on the product packaging that are false and misleading with

respect to the performance characteristics vis-à-vis competitive batteries intended for sale in the U.S. market.

27. As a result, Plaintiff and the class members have been injured in fact by their purchase of the products they were deceived into purchasing and for which they paid a premium price.

28. Defendant, by contrast, has reaped enormous profits from its false marketing and sale of the products.

## CLASS DEFINITION AND ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all other similarly situated consumers in the States of New York, Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey – States in which Defendant sells the gray market Duracell batteries in Defendant's retail stores -- pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. Plaintiff seeks certification of the following class:

> All consumers who, within the applicable statute of limitations period, purchased in the States of New York, Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey from Defendant Ocean State any Duracell alkaline battery pack not intended for sale to consumers in the United States. Excluded from the class are Ocean State, its parents, subsidiaries, affiliates, officers and directors, and those who purchased these Duracell products from Ocean State for resale.

31. **Numerosity.** This action is appropriately suited for a class action. The members of the class are so numerous that joinder of all members of the class is impracticable. Plaintiff is informed, believes, and thereon alleges, that the proposed class contains thousands of purchasers of gray market Duracell alkaline battery

products who have been damaged by Defendant's conduct as alleged herein. The precise number of class members is unknown to Plaintiff.

32. **Existence and Predominance of Common Questions of Law and Fact.** This action involves questions of law and fact common to the class. In marketing the gray market Duracell products, Defendant has engaged in an untrue and systematic course of misrepresenting the products to consumers. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant made false or misleading representations regarding the products;

- Whether Defendant misled consumers into believing they were purchasing Duracell alkaline batteries intended by the manufacturer for sale to the U.S. market, when the products sold by Defendant are gray market goods manufactured and packaged to specifications for the Asian markets;

- Whether Defendant represented that the products were of a particular standard or quality when they were not;

- Whether the claims made by Defendant regarding the products discussed above are true, or are misleading, or objectively are reasonably likely to deceive;

- Whether the alleged conduct constitutes violations of the law asserted;

- Whether Defendant engaged in false or misleading advertising;

- Whether the class members obtained the benefits that Defendant represented the products have;

- Whether Plaintiff and class members have sustained monetary loss and the proper measure of that loss; and

- Whether, as a result of Defendant's misconduct, the class is entitled to monetary and statutory damages, as well as equitable and injunctive relief.

33. **Typicality.** Plaintiff's claims are typical of the claims of the members of

the class, because, *inter alia*, all class members have been injured through the uniform misconduct described above, and were subject to Defendant's deceptive representations, including the representations that accompany each and every label or packaging of the products (described in detail above) and were made on Defendant's websites and other advertising media.  Moreover, the named Plaintiff's claims are typical of the class members' claims.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the class.

34.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff Stewart purchased at least the following Duracell gray market alkaline battery products:  a two-pack of Duracell C size alkaline batteries with the packaging showing the image of a pink bunny; a four-pack of Duracell AA alkaline batteries with the packaging showing the image of a pink bunny; and a four-pack of Duracell AAA alkaline batteries with the packaging showing the image of a pink bunny.  Plaintiff relied upon the deceptive representations that were made in Defendant's marketing and advertising campaign, and on the labels on each and every package.  As a result, Plaintiff has suffered an injury in fact as a result of Defendant's conduct, as did all class members who purchased the gray market Duracell alkaline batteries from Ocean State.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the class.

35.     **Superiority**.  A class action is superior to other methods for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual class members is relatively small compared to the burden and

expense that would be entailed by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the class, on an individual basis, to obtain effective redress for the wrongs done to him or her.  Furthermore, even if the class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

36. Plaintiff seeks monetary damages, including statutory damages on behalf of the entire class, and other equitable relief on grounds generally applicable to the entire class, to enjoin and prevent Defendant from engaging in the acts described. Unless a class is certified, Defendant will be allowed to profit from its deceptive practices, while Plaintiff and the members of the class will have suffered damages. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the class and the general public will continue to be deceived.

37. Defendant has acted and refused to act on grounds generally applicable to the class, making final injunctive relief appropriate with respect to the class as a whole.

## COUNT I

**(Violation of New York General Business Law Section 349 and the Substantially Similar Laws of the States of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey)**

38. On behalf of himself and the members of the class, as defined in Paragraph 30 above, Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 37 above.

39. Defendant misleadingly sells in its Ocean State Job Lot stores gray market Duracell alkaline batteries in blister packs with packaging showing the image of a pink bunny. These Duracell alkaline batteries were never intended for sale in the United States. They are designed for the Asian market to Asian specifications, and the packaging for the batteries contains performance and longevity claims that while accurate for the Asian markets in which the products are intended to be sold, are deceptive and misleading in the United States market. By knowingly selling such gray market Duracell alkaline batteries in its U.S. stores without disclosing to customers that these batteries were never intended by the manufacturer for sale in the United States, Defendant has made false representations about the products, and so, the representations claimed are deceptive, and have the capacity, tendency and effect of deceiving reasonable consumers who purchase the products. Reasonable consumers would believe that they are purchasing authentic Duracell alkaline batteries manufactured to the specifications, quality, and performance standards of the U.S. market when, in fact, they are not.

40. Defendant has deceptively advertised, marketed, promoted, distributed, and sold these gray market Duracell alkaline battery packs.

41. Plaintiff and the Class have been aggrieved by and have suffered losses as a result of Defendant's violations of Section 349 of the New York General Business Law and the substantially similar laws of the States of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey.  By virtue of the foregoing unfair, unconscionable, and deceptive acts in the conduct of trade or commerce, Plaintiff and the members of the Class have been substantially injured in the amount of the purchase prices for the gray market Duracell alkaline battery products that they paid, or in the alternative, have been damaged by paying more for the products than they otherwise would have.

42. Defendant continues to violate Section 349 of the New York General Business Law, and continues to aggrieve the members of the class.

43. By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes deceptive acts and practices in violation of Section 349 of the New York General Business Law, and Defendant is liable to Plaintiff and the class for the actual damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus statutory damages, treble damages, and attorneys' fees and costs.

44. Plaintiff further demands injunctive relief enjoining Defendant from continuing to engage in, use, or employ any act, including advertisements, packaging, or other representations, prohibited by Section 349 of the New York General Business Law.

## COUNT II

**(Violation of New York General Business Law Section 350 and the Substantially Similar Laws of the States of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey)**

45.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

46.     New York's General Business Law Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service."

47.     Section 350 defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect."  The section also provides that advertising can be false by omission, as it further defines "false advertising" to include "advertising [that] fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates."

48.     Defendant's labeling, marketing, and advertising of the gray market Duracell alkaline batteries it sells is "misleading in a material respect," and thus "false advertising," as it falsely represents the products are manufactured to U.S. specifications and intended for sale in the United States and falsely represents the performance levels of the products vis-à-vis comparable batteries sold in the United States.

49.     By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes false advertising in violation of Section 350 of the New York General Business Law and the substantially similar laws of the States of Rhode Island, Maine,

16

New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey.  Defendant is liable to Plaintiff and the class for the actual damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, statutory damages, plus treble damages, and attorneys' fees and costs.

50.     Plaintiff further demands injunctive relief enjoining Defendant from continuing to engage in, use, or employ any act, including advertisements, packaging, or other representations, prohibited by Section 350 of the New York General Business Law and the substantially similar laws of the States of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.      Certifying this action as a class action as soon as practicable, with the class as defined above, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel.

2.      On Plaintiff's First and Second Causes of Action, awarding against Defendant the damages that Plaintiff and the other members of the class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus treble damages.

3.      Awarding Plaintiff and the class interest, costs, and attorneys' fees.

4.      Enjoining Defendant from continuing to engage in, use, or employ any act, including advertisements, packaging, or other representations, prohibited by Sections 349 and 350 of the New York General Business Law and the substantially similar laws

of the States of Rhode Island, Maine, New Hampshire, Vermont, Massachusetts, Connecticut, and New Jersey.

5. Awarding Plaintiff and the class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: White Plains, New York
July 28, 2017

Respectfully Submitted,

/s/   Jeffrey I. Carton
DENLEA & CARTON LLP
Jeffrey I. Carton, Esq. (ct19966)
Robert J. Berg, Esq.
2 Westchester Park Drive, Suite 410
White Plains, N.Y. 10604
Telephone: (914) 331-0100
Facsimile:  (914) 331-0105
jcarton@denleacarton.com
rberg@denleacarton.com